UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAQIB KAFEEL, | ) | |
| | ) | No. 24 CV 11929 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| CJDROPSHIPPING, | ) | |
| | ) | September 18, 2025 |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Saqib Kafeel appears to be suing Defendant CJDropshipping because he suffered damages after being sued for selling infringing products that he first purchased from Defendant. Before the court is Defendant's motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(5) and (b)(6) and pursuant to the doctrine of *forum non conveniens*. For the following reasons, this court dismisses this action pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction and, as such, Defendant's motion is denied as moot:

**Background**[1]

Defendant is an international dropshipping platform that connects online retailers with platforms such as Amazon, eBay, and Shopify, fulfilling orders and handling payment and shipment on behalf of those retailers. (R. 1, Compl. at 1.)

---

[1] The court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in Kafeel's favor. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016).

Kafeel used Defendant's platform in connection with his online store "Whimsyverse." (Id. at 2.)

In *Blue Spring Partners, LLC v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A*, No. 24 CV 1548 (N.D. Ill.) ("*Blue Spring*"), the plaintiff sued Whimsyverse and over 200 other entities, claiming that Whimsyverse and the other entities sold or offered for sale counterfeit goods that infringed upon its trademarks, patents, and copyrights.[2] (R. 1, Compl. at 1); *Blue Spring*, Dkt. 1 (N.D. Ill. Feb. 23, 2024). In May 2024 the court in *Blue Spring* entered a default judgment against Whimsyverse. *Blue Spring*, Dkts. 33 & 34 (N.D. Ill. May 14, 2024). But in a filing four months later, Kafeel argued on Whimsyverse's behalf[3] that the judgment against Whimsyverse was "rendered without [his] knowledge or opportunity to respond." *Id.*, Dkt. 42 at 1 (N.D. Ill. Sept. 8, 2024). The *Blue Spring* court disagreed, *id.*, Dkt. 50 (N.D. Ill. Sept. 24, 2024), and in October 2024, Whimsyverse satisfied the judgment entered against it by paying an agreed-to amount to the *Blue Spring* plaintiff, *id.*, Dkt. 60 (N.D. Ill. Oct. 8, 2024).

---

[2] The court takes judicial notice of the docket and public filings in *Blue Spring*. *See Fraternal Ord. of Police Chi. Lodge No. 7 v. City of Chi.*, No. 18 CV 3831, 2019 WL 423316, at *5 (N.D. Ill. Feb. 4, 2019) (noting that "Court may take judicial notice of the docket of other relevant cases on a motion to dismiss under Rule 12(b)(6)" (citing *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012))).

[3] The *Blue Spring* court noted that Whimsyverse is Kafeel's eBay store name, and not itself a legal entity, so it allowed Kafeel—who is not an attorney—to proceed *pro se* on behalf of his store. *Blue Spring*, Dkt. 53 (N.D. Ill. Sept. 30, 2024).

Six weeks later, on November 20, 2024, Kafeel filed this lawsuit alleging he suffered "significant financial loss" when his PayPal, Payoneer, and eBay accounts were frozen on June 20, 2024, as a result of the *Blue Spring* court's order against Whimsyverse. (R. 1, Compl. at 1-2.) Kafeel asserts that he "unknowingly listed" infringing products through Defendant and suffered damages when the accounts were frozen. (Id.) He says he contacted Defendant about his frozen accounts on June 28, 2024, but while Defendant "quickly deleted the infringing product from [its] website," it "offer[ed] no support or resolution" for issues related to Kafeel's frozen accounts, further "contribut[ing] to [his] financial losses and ongoing difficulties," including the liquidation of certain crypto and stock accounts. (Id. at 2.) For relief, Kafeel seeks $10,000 per week from June 20, 2024, when his accounts were frozen "until this issue is resolved" to account for "missed opportunities to run ad campaigns and payments for services rendered," and a $10 million "penalty" for his "severe financial damage and emotional distress" caused by Defendant's "negligence in handling intellectual property issues." (Id. at 2-3.) Kafeel also asks the court to ban Defendant from "connecting to any e-commerce platforms" and to seize its warehouses in the United States to "protect future innocent sellers." (Id.)

On December 13, 2024, the court dismissed the complaint *sua sponte* for lack of subject matter jurisdiction. (R. 6; R. 7.) In so doing, the court found no federal question apparent from the face of the complaint, noting that Kafeel's claims of "financial harm and emotional distress caused by [Defendant's] alleged negligence" instead "sound in state law," but said it could not determine the parties' citizenship

3

to support diversity jurisdiction. (R. 7 at 2-3.) The court granted Kafeel until January 13, 2025, to amend his complaint. (R. 6; R. 7.)

Kafeel filed an "Amended Complaint Clarifying Diversity Jurisdiction" alleging he is a Pakistani citizen who seeks damages in excess of $10 million from Defendant, a "U.S. company" with its "principal office" in Cranbury, New Jersey. (See generally R. 9, Am. Compl.) Based on this filing, the court directed service of summons on Defendant and of both the original and amended complaints (together, "Complaint"). (R. 11.) Thereafter, Defendant moved to dismiss the Complaint on April 24, 2025, (R. 22) and the parties consented to this court's jurisdiction, (R. 32).

## Analysis

Defendant moves to dismiss the Complaint under: (1) Rule 12(b)(5) for improper service of process; (2) Rule 12(b)(6) for failure to state a claim; and (3) the doctrine of *forum non conveniens* pursuant to a forum selection clause included in the parties' user agreement. (See generally R. 22, Def.'s Br.) However, Defendant's principal argument is under Rule 12(b)(6), challenging the sufficiency of the allegations, not their merits. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive such a motion, the complaint must assert a facially plausible claim and provide fair notice of its basis. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Here, Defendant says the Complaint "utterly fail[s]" to meet these requirements and "fail[s] to . . . identify even a single legal claim or cause of action." (R. 22, Def.'s Br. at 1.) But a complaint need not specify a legal theory to survive a Rule 12(b)(6) motion. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Especially so with *pro se* complaints, which are "construed liberally in favor of the plaintiff," *Johnson v. McDonald*, No. 23 CV 3200, 2025 WL 965703, at *1 (N.D. Ill. March 31, 2025) (citing *Balle v. Kennedy*, 73 F. 4th 545, 557 (7th Cir. 2023)), and survive provided "any set of facts consistent" therewith give the plaintiff "a right to recover," *Small*, 398 F.3d at 898.

That said, "[f]ederal courts are courts of limited jurisdiction," *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022), and are "expected to monitor their jurisdictional boundaries vigilantly," *Rowell v. Franconia Mins. Corp.*, 706 F. Supp. 2d 891, 892 (N.D. Ill. 2010) (citing *Am. Fire & Cas. Co. v. Finn,* 341 U.S. 6, 17-18 (1951)), including by examining jurisdiction before ruling on a Rule 12(b)(6) motion or reaching the merits, even if no party raises the issue, *Reverse Mortg. Sols., Inc. v. U.S. Dep't of Hous. and Urb. Dev.*, 365 F. Supp. 3d 931, 940 (N.D. Ill. 2019) (holding that "subject matter jurisdiction is a threshold issue"); *see also Stewart v. JPMorgan Chase Bank, N.A.*, 716 F. Supp. 3d 677, 685 (N.D. Ill. 2024) (holding that "[j]urisdiction comes first"); *Hay v. Ind. State Bd. of Tax Com'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("[N]ot only may the federal courts police subject matter jurisdiction *sua sponte*, they must."). In making the jurisdictional assessment, courts are to presume "that a cause lies outside this limited jurisdiction, and the burden of

5

establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Kafeel fails to meet this burden.

Congress conferred subject matter jurisdiction on the district courts only where there is a federal question or diversity of citizenship. *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Here, Kafeel presents no cognizable federal question. Indeed, there is no basis under federal infringement law for a claim shifting blame from Kafeel as an unwitting participant in infringement to Defendant as the supplier of the infringing goods Kafeel sold. Rather, infringement is generally a strict liability offense. *See Toksvig v. Bruce Pub. Co.*, 181 F.2d 664, 666 (7th Cir. 1950) (holding that "[i]ntention is immaterial if [copyright] infringement appears"); *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 856 (7th Cir. 2023) (noting that "fraudulent intent or bad faith is not essential to prove [trademark] infringement"); *Global-Tech Appliances, Inc., v. SEB S.A.*, 563 U.S. 754, 761 n.2 (2011) (holding that "a direct [patent] infringer's knowledge or intent is irrelevant"). Moreover, while an intellectual property holder's remedies vary depending on the infringer's state of mind, the governing statutes invariably focus on compensating the property holder, not redistributing liability among infringers. *See* 15 U.S.C. § 1117 (remedies for trademark infringement); 17 U.S.C. § 504 (remedies for copyright infringement); 35 U.S.C. § 284 (remedies for patent infringement).

Accordingly, this case may proceed in this court only if there is complete diversity of citizenship between the parties and the amount in controversy exceeds

6

$75,000. 28 U.S.C. § 1332(a). But there is no diversity of citizenship. The Complaint alleges that Kafeel is a Pakistani citizen and—citing a listing in business database Dun & Bradstreet—Defendant is a "U.S. company" with a Cranbury, New Jersey "principal office." (R. 9, Am. Compl. at 1.) The Complaint continues that jurisdiction is therefore proper under 28 U.S.C. § 1332(a)(2) as a suit between "citizens of a State" and "citizens or subjects of a foreign state." (Id.) Kafeel's Complaint suggests Defendant is a corporation, the citizenship of which is both the state (or foreign country) of incorporation and of its principal place of business. See 28 U.S.C. § 1332(c)(1). But while the Complaint suggests Defendant's citizenship is entirely domestic, it does not specify the state in which Defendant is incorporated. The jurisdictional allegations are insufficient on that basis alone, as Defendant's citizenship is not established. *Cf. Zeocrystal Indus., Inc. v. Fox Broad. Co.*, 923 F. Supp. 132, 135 (N.D. Ill. 1996) (allegation that defendant is a "foreign corporation" insufficient to establish citizenship for diversity purposes).

The jurisdictional defects do not end there. To be sure, this court may go beyond the allegations and review any evidence that has been submitted to determine whether there is federal jurisdiction. *Hay*, 312 F.3d at 879. The evidence presented here gives the court serious pause. First, there is a question as to the identity of Defendant in this case. In its motion to dismiss, Defendant identifies the proper Defendant as Yiwu Cu Jia Trade Co., Ltd. ("Yiwu"), which does business as "CJdropshipping." (R. 22, Def.'s Br. at 1.) Defendant's motion includes a declaration

7

from Yiwu's manager, Pengju Zhou, who attests that "CJdropshipping.com" is Yiwu's "official website." (Id., Ex. 1 ¶ 2.)

Second, there are questions about Yiwu's organizational structure and citizenship. Defendant represents that Yiwu is a "limited company," rather than a corporation as the Complaint suggests. (Id. at 9.) Further, Zhou declares that Yiwu "solely operates" at a Chinese address and "sends and receives mail from such address," the Cranbury, New Jersey warehouse Kafeel used to serve summons is that of a "third party," and Leon Li who accepted service is "merely a manager of the third party warehouse" with "no relation" to Yiwu. (Id., Ex. 1 ¶¶ 4-6.) Notably, Defendant's notice of affiliates lists Yiwu along with the names of two individuals who appear to be Chinese nationals. (R. 21, LR 3.2 Notice (listing Yiwu, Zhou Lizhi, and Tu Hongming as affiliates).)

Together, these filings suggest that Yiwu—the apparently proper defendant— may be a Chinese citizen for diversity purposes. But the nature of Yiwu as a business organization determines its citizenship, and the court does not have sufficient information to make an accurate assessment. Generally speaking, "[c]lassification of a foreign business entity can be difficult," *BouMatic, LLC v. Idento Ops., BV*, 759 F.3d 790, 791 (7th Cir. 2014), and in the case of Chinese entities courts must take "significant care . . . in determining the precise characteristics of the organization in question," *Yancheng Shanda Yuanfeng Equity Inv. P'ship v. Wan*, 59 F.4th 262, 269 (7th Cir. 2023) (citing *Fellowes, Inc. v. Changzhou Xinrui Fellowes Off. Equip. Co. Ltd.*, 759 F.3d 787 (7th Cir. 2014)). Further, if properly characterized as

8

unincorporated, an entity takes on the citizenship of each of its members, which can be unwieldy and difficult to determine. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (holding that "citizenship of unincorporated associations must be traced through however many layers of partners or members there may be" (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990))).

But whether or not Defendant is incorporated, if deemed a citizen of China (or any other foreign entity) solely, dually, or otherwise, this lawsuit fits no jurisdictional bucket. Subpart (1) of Section 1332(a) grants original jurisdiction to a federal district court over cases between "citizens of different States," but it does not apply here because Kafeel is a citizen of Pakistan and not of any state. 28 U.S.C. § 1332(a)(1). Subpart (3) grants jurisdiction over a suit between "citizens of different States and in which citizens and subjects of a foreign state are additional parties," *id.* § 1332(a)(3), but this also does not apply here, because there are no other plaintiffs who are citizens of another state, *see Merit Tat Int'l, Ltd. v. Wynnchurch Cap. Partners*, 689 F. Supp. 2d 1088, 1090-91 (N.D. Ill. 2010) (holding Section 1332(a)(3) did not apply where plaintiff was a "citizen of a foreign state, but . . . not an 'additional part[y],' since it [wa]s the only plaintiff"). Nor does Subpart (4) apply because Kafeel is not himself a "foreign state." *See* 28 U.S.C. § 1332(a)(4) (extending jurisdiction to suits between "a foreign state . . . as plaintiff and citizens of a State or of different States").

That leaves Subpart (2), which extends diversity jurisdiction to federal district courts over cases between "citizens of a State and citizens or subjects of a foreign state." *Id.* § 1332(a)(2). But "diversity jurisdiction does not extend to a suit in which

9

there is a U.S. citizen on only one side of the suit and foreign parties on both sides." *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 361 F.3d 359, 361 (7th Cir. 2004) And a defendant facing a foreign plaintiff that has dual or multiple citizenship—both foreign and domestic—does not save jurisdiction. *See Dexia Credit Loc. v. Rogan*, 629 F.3d 612, 618 (7th Cir. 2010) (holding diversity jurisdiction "does not exist where the party on one side of a case is foreign . . . and the party on the other side is both domestic and foreign"); *see also FractureLabs Ou v. Jump Trading, LLC*, No. 24 CV 10249, 2025 WL 1582429, at *4 (N.D. Ill. June 4, 2025) (finding no jurisdiction in suit by foreign plaintiff against defendant with multiple foreign and domestic citizenships). Finally, a federal court cannot hear a case between two aliens. *See Zenith Elecs. Corp. v. Kimball Intern. Mfg., Inc.*, 114 F. Supp. 2d 764, 768 (N.D. Ill. 2000) ("[T]he Supreme Court long ago rejected the contention that two aliens, standing alone, may sue each other in federal court." (citing *Hodgson v. Bowerbank*, 9 U.S. 303 (1809))).

## Conclusion

For the foregoing reasons, this case is dismissed without prejudice because subject matter jurisdiction is lacking, and Defendant's motion to dismiss is denied as moot.

**ENTER:**

_____
Young B. Kim