**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAQIB KAFEEL, | ) | |
| | ) | No. 24 CV 11929 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| CJDROPSHIPPING, | ) | |
| | ) | May 22, 2026 |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Saqib Kafeel sues Defendant CJDropshipping for contributory trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), and breach of implied warranty, negligence, and indemnification under Illinois law. Kafeel says he suffered damages after being sued for selling infringing products he first purchased from Defendant. The court previously dismissed Kafeel's complaint and an amended version for lack of subject matter jurisdiction. (See R. 6; R. 7; R. 49.) Kafeel now contends that the inclusion of the Lanham Act claim in his second amended complaint ("SAC") establishes the requisite jurisdiction for the court to adjudicate his case. Defendant disagrees, arguing that the SAC suffers the same defects as Kafeel's prior versions, and then some. Before the court are Defendant's motions: (1) to dismiss the SAC under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) and the doctrine of *forum non conveniens*; and (2) for sanctions. For the following reasons, the court grants the motion to dismiss with prejudice but denies the motion for sanctions without prejudice as moot:

## Background[1]

Kafeel alleged in his original complaint that he used Defendant's international dropshipping platform, which connects online retailers like his online store "Whimsyverse" with platforms such as Amazon, eBay, and Shopify, fulfilling orders and handling payment and shipment on behalf of those online retailers. (R. 1, Compl. at 1-2.) He says he filed this lawsuit after he suffered "significant financial loss" when Blue Spring Partners, LLC ("Blue Spring") sued Whimsyverse because Whimsyverse listed infringing products for sale on those platforms and the court in that action froze his PayPal, Payoneer, and eBay accounts. (Id.) Blue Spring in fact named Whimsyverse a defendant in *Blue Spring Partners, LLC v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A*, No. 24 CV 1548 (N.D. Ill.), after it determined that the subject site was selling or offering for sale counterfeit goods infringing upon its trademarks, patents, and copyrights. (R. 1, Compl. at 1; see also R. 49.) Kafeel alleges he contacted Defendant about his frozen accounts on June 28, 2024, but while Defendant "quickly deleted the infringing product from [its] website," it "offer[ed] no support or resolution" for issues related to the frozen accounts, further "contribut[ing] to [his] financial losses and ongoing difficulties," including the liquidation of certain crypto and stock accounts. (R. 1, Compl. at 2.)

---

[1] The court accepts as true all well-pleaded facts in the SAC and draws all reasonable inferences in Kafeel's favor. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016).

In the SAC Kafeel adds a Lanham Act claim based on contributory trademark infringement and false designation of origin, in an apparent effort to cure defects in prior versions of the complaint—namely, the lack of subject matter jurisdiction. (R. 52, SAC ¶¶ 1, 5, 9-24, 26-28.)  Defendant now moves to dismiss the SAC on jurisdictional and other grounds, (see generally R. 54, Def.'s Mot. to Dismiss), and for sanctions based on Kafeel's reliance on AI-hallucinated case citations and quotations in court filings, (R. 59, Def.'s Mot. for Sanctions).

**Analysis**

## A.     Motion to Dismiss

Defendant moves to dismiss the SAC under: (1) Rule 12(b)(1) for lack of subject matter jurisdiction; (2) Rule 12(b)(2) for failure to establish personal jurisdiction; (3) Rule 12(b)(6) for failure to state a claim; and (4) the doctrine of *forum non conveniens* pursuant to a forum selection clause included in the parties' user agreement.  (See generally R. 54, Def.'s Mot. to Dismiss.)

### 1.     Rule 12(b)(6)

The court turns first to Defendant's principal argument—that Kafeel has not sufficiently stated a Lanham Act claim.  (R. 54, Def.'s Mot. to Dismiss at 1-5.)  To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice of its basis.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Under this

standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Kafeel generally alleges that Defendant is engaged in "ongoing violations of the Lanham Act" via "an ongoing pattern of introducing infringing products into U.S. commerce" and "false designation of origin." (R. 52, SAC ¶¶ 1, 5, 15 (emphasis omitted).) The Lanham Act imposes liability for trademark infringement when a defendant "'use[s] in commerce,' without consent, 'any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services," and "such use is likely to cause confusion, or to cause mistake, or to deceive.'" *Davis v. Entities Listed on Ex. 1*, No. 23 CV 10799, 2026 WL 893345, at \*5 (N.D. Ill. March 31, 2026). To state a claim for contributory trademark infringement, a plaintiff must allege that: "a manufacturer or distributor intentionally induce[d] another to infringe a trademark"; or that a manufacturer or distributor "continues to supply its product" to someone it "knows or has reason to know is engaging in trademark infringement." *Inwood Lab'ys., Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 854 (1982). Regarding the false designation of origin claim, a plaintiff must show that the designation is "'likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin, sponsorship, or approval of his or her goods.'" *Phoenix Ent. Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016) (citation omitted). The plaintiff must also show: "'(1) that its mark is protectable[;] and (2) that the defendant's use of that mark is likely to cause confusion

4

among consumers.'" *Id.* (citing CAE, Inc. v. Clean Air Eng'g, Inc., 267 F.3d 660, 673-74 (7th Cir. 2001) (collecting cases)).

Defendant asserts that the SAC—which it says is "more a list of topics" than "a recitation of well-pleaded facts" as required by Rules 8 and 9—fails to state a facially plausible claim under the Lanham Act.  (R. 54, Def.'s Mot. to Dismiss at 1-5.) The court agrees.  While *pro se* allegations are "construed liberally in favor of the plaintiff," *Johnson v. McDonald*, No. 23 CV 3200, 2025 WL 965703, at *1 (N.D. Ill. March 31, 2025) (citing *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023)), the plaintiff must still supply a "set of facts consistent" with those allegations to establish a right to recovery, *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).  Here, even construing Kafeel's allegations liberally, he fails to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Kafeel alleges that Defendant "committed a contributory violation of the Lanham Act by knowingly [sic] or having reason to know that the Infringing Product would be sold to U.S. consumers, directly profiting from the deception" and by engaging in acts of bad faith, rendering "Defendant [] an ongoing danger to the U.S. commercial environment" and causing damages to Kafeel.  (R. 52, SAC ¶¶ 12-14, 19-24 (emphasis omitted).)  Such "[t]hreadbare recitals," *Iqbal*, 556 U.S. at 678, and "allegations in the form of legal conclusions," *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012), are insufficient.  Noticeably absent from the SAC are allegations of "concrete facts" explaining Defendant's "contributory" role in selling infringing goods.  *Shenzhen Kangmingcheng Tech. Co., Ltd. v. PDD Holdings Inc.*,

5

No. 23 CV 2697, 2024 WL 5221272, at *4 (N.D. Ill. Dec. 23, 2024). Specifically, Kafeel does not plead facts alleging that Defendant "intentionally induce[d] another to infringe" a trademark, or that Defendant continued to supply goods knowing or having reason to know that it was infringing trademarks. *Inwood*, 456 U.S. at 854; *see also PDD Holdings, Inc.*, 2024 WL 5221272, at *4 (dismissing contributory infringement claim because the complaint included "no allegations about [the defendant]'s inducement of the [allegedly infringing] acts or its knowledge of the trademark infringement").

The same is true as to Kafeel's false designation of origin claim. Kafeel alleges in the SAC that: (1) "the false designation of the Infringing Product was . . . the proximate cause of [Kafeel's] damages"; (2) "Defendant's act of supplying the infringing product constituted a false designation of compliance that proximately causes the commercial injury"; and (3) "[t]he harm suffered . . . flowed directly from [] Defendant's violation." (R. 52, SAC ¶¶ 15-24.) But as discussed, "[t]hreadbare recitals" and "conclusory statements" are not enough to raise a reasonable inference that Defendant is liable for false designation of origin. *See Iqbal*, 556 U.S. at 678. Kafeel fails to plead facts showing a likelihood of confusion, mistake, or deceit regarding "the origin, sponsorship, or approval of his [] goods," or that he owns a protectable mark and Defendant used such a mark. *Phoenix Ent. Partners*, 829 F.3d at 822. Indeed, Kafeel admits that he "does not assert ownership of the underlying trademark." (See R. 55, Pl.'s Resp. at 3.) While Kafeel says that nonparty Blue Spring owns intellectual property related to "Children's Mermaid Swimsuit, SPU:

6

CJYD1648529," and that entity is "[t]he party initially harmed by the Defendant's conduct," (R. 52, SAC ¶ 9), he also indicates that Blue Spring "has no stake in this action," (id. ¶ 18). And notably, Kafeel does not plead facts explaining how Blue Spring's mark relates to the Lanham Act claim he brings here. In short, Kafeel fails to plead a cognizable claim connecting any protectable mark owned by him to Defendant's use thereof as part of an effort to confuse or deceive others regarding the origin of goods so marked.

Kafeel cites to "*Lexmark*" in the SAC to support his assertion that he has standing and proximate causation to bring this suit. (R. 52, SAC ¶¶ 15-18 (emphasis omitted); see also R. 54, Def.'s Mot. to Dismiss at 3-4.) But assuming Kafeel is referring to *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), that decision does not focus on the sufficiency of Lanham Act-related allegations, which Defendant challenges here, (R. 54, Def.'s Mot. to Dismiss at 3). The Supreme Court in *Lexmark* made clear that even if a plaintiff has Article III standing to bring a lawsuit, meaning that his injury is "fairly traceable to the defendant's conduct," "the complaint must be dismissed" when the plaintiff fails to plead sufficient facts to establish an element required for the claim asserted. 572 U.S. at 134 n.6; *see also Lynn Scott, LLC v. Grubhub Inc.*, No. 20 CV 6334, 2024 WL 3673718, at *4 (N.D. Ill. Aug. 6, 2024) (citing *Lexmark* for the proposition that "establishing Article III standing should not be conflated with stating a claim" under the Lanham Act).

At bottom, Kafeel pleads the same cause of action—"shifting blame from Kafeel as an unwitting participant in infringement to Defendant as the supplier of the infringing goods"—that he alleges in prior versions of the complaint, albeit cloaked in a Lanham Act disguise this time. (R. 49 at 6; see also R. 52, SAC ¶¶ 12-14, 18.) Dismissal of the SAC is therefore warranted because Kafeel has failed to state a facially plausible claim to survive a Rule 12(b)(6) motion.

## 2. Rule 12(b)(1)

Defendant argues that Rule 12(b)(1) also requires dismissal for lack of subject matter jurisdiction. (R. 54, Def.'s Mot. to Dismiss at 5.) As this court has stated, Congress conferred subject matter jurisdiction on the district courts only where there is a federal question or diversity of citizenship. (R. 49 at 6 (citing *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009)).) Kafeel presented neither a federal question nor a sufficient basis to establish diversity jurisdiction in his prior complaints. (See R. 6; R. 7; R. 49.) And while Kafeel attempts to cure this jurisdictional defect by pleading a federal claim under the Lanham Act, as explained, he fails to do so. And as with the prior iteration, the SAC does not sufficiently allege diversity of citizenship. (R. 49 at 6-7; see also R. 52, SAC ¶¶ 7-8 (alleging only that Kafeel is "an individual citizen of the Islamic Republic of Pakistan" and Defendant "is a sophisticated international commercial supplier that systematically targets and services the U.S. market," without specifying citizenship).)[2] It is not enough to allege

---

[2] Kafeel admits that he used the incorrect name for Defendant in the SAC and that "the correct operating name" is Yiwu Cu Jia Trade Co., Ltd. (R. 55, Pl.'s Resp. at 2.) In his response, he asks the court for leave to amend any "technical pleading defect"

that a defendant is a "foreign" entity to establish citizenship for diversity purposes. (See R. 49 at 7 (citing *Zeocrystal Indus., Inc. v. Fox Broad. Co.*, 923 F. Supp. 132, 135 (N.D. Ill. 1996)).) Accordingly, dismissal is also required on this ground.

### 3. Rule 12(b)(2)

Defendant further contends that, even if Kafeel had stated a claim and this court had subject matter jurisdiction to hear his case, personal jurisdiction is absent. (R. 54, Def.'s Mot. to Dismiss at 9-13.) Defendant "bears the burden of proving the court's lack of personal jurisdiction." *Liu v. Monthly*, 170 F.4th 1090, 1093 (7th Cir. 2026). Because Kafeel asserts federal question jurisdiction based on the addition of the Lanham Act claim, this court "has personal jurisdiction over [Defendant] if either federal law or the law of [Illinois] authorizes service of process" to Defendant. *Id.* The federal law at issue—the Lanham Act—does not supply a personal jurisdiction rule, so Illinois's long-arm statute applies, *see id.*, and this court may exercise jurisdiction on any basis "permitted by the Illinois Constitution and the Constitution of the United States," 735 ILCS 5/2-209(c).

In the SAC Kafeel alleges only specific personal jurisdiction, not general personal jurisdiction. (See R. 52, SAC ¶ 5.) For Defendant to be subject to specific personal jurisdiction:

> (i) [its] contacts with the forum state must show that it purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; (ii) the plaintiff's alleged injury must have arisen out of the defendant's forum-related

---

in the SAC. (Id. at 5.) The court denies the request, as it is improper to seek leave to amend in a responsive pleading. In any event, there are several bases for dismissal beyond the technical defect in misnaming the defendant.

activities; and (iii) the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.

*Liu*, 170 F.4th at 1093. The Seventh Circuit has "cautioned that merely operat[ing] a website, even a highly interactive website, that is accessible from, but does not target, the forum state is not enough to sustain jurisdiction." *Id.* (internal citations and quotations omitted).

Kafeel alleges here that Defendant had "continuous commercial contacts" with Illinois and the Northern District of Illinois based on Defendant's use of its platform "to solicit and facilitate the sale, shipment, and fulfillment of goods to consumers and retailers." (R. 52, SAC ¶ 5 (emphasis omitted).) To support such allegations, Kafeel attaches to the SAC sample orders of infringing products he says can be shipped through Defendant's platform to a Chicago residence. (Id., Ex. A.) But it is not enough to show that it is "possible to order [Defendant's] products and have them shipped to Illinois." *Liu*, 170 F.4th at 1093. Instead, the evidence must show "a completed purchase" of infringing goods sold to Illinois and other United States residents to establish specific personal jurisdiction. *Id.* at 1093-94. Such evidence is lacking here, and Defendant offers a declaration attesting that it did not ship any infringing products or direct business to Illinois. (See R. 56, Def.'s Reply at 4 (citing R. 22-1, Penju Zhou Decl. ¶¶ 4, 9 & Ex. K).) Accordingly, dismissal is required on this ground too. *Liu*, 170 F.4th at 1094.

Taken together, Kafeel's allegations in the SAC remain "baseless and futile." (R. 56, Def.'s Reply at 7.) The court has already given him three opportunities to state a valid claim and/or allege proper jurisdiction. While the court understands that

Kafeel is proceeding *pro se*, and Rule 15(a) "provides that leave to amend 'shall be freely given when justice so requires,'" Kafeel's "repeated failure to cure deficiencies" warrants dismissal with prejudice at this stage. *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (finding that "[t]here must be a point at which a plaintiff makes a commitment to the theory of [his] case" (internal citations omitted)). Defendant should not be forced to incur additional fees and costs to defend against claims that lack plausibility in federal court.[3]

## B.     Motion for Sanctions

Defendant seeks sanctions under 28 U.S.C. § 1927 and this court's inherent authority based on Kafeel's submissions to the court that "appear to be produced using Chat-GPT or a similar generative AI platform" and include "'hallucinated' citations to cases that don't exist as well as 'hallucinated' direct quotations from real court opinions that have not been verified by [Kafeel]." (R. 59, Def.'s Mot. for Sanctions at 1.) As an initial matter, Section 1927 applies only to an "attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof." 28 U.S.C. § 1927. That said, this court may invoke Rule 11 or its inherent authority to sanction a *pro se* plaintiff who "'willful[ly] abuse[s] . . . the litigation process." *Allen v. Casper*, No. 25 CV 10438, 2026 WL 674309, at *9 (N.D.

---

[3] Because dismissal of the SAC is appropriate on several grounds, the court need not also determine whether there is a more convenient forum for this action. *See Instituto Mexicano Del Seguro Social v. Zimmer Biomet Holdings, Inc.,* 29 F.4th 351, 357 (7th Cir. 2022) ("The doctrine of *forum non conveniens*, effectively a supervening venue provision, empowers a court to dismiss a suit when litigating in that court as opposed to an alternative forum unreasonably burdens the defendant." (citation omitted)).

11

Ill. March 10, 2026). To be sure, one of the courts in this district recently sanctioned a *pro se* plaintiff $1,500 for "[f]iling a document that contains citations to nonexistent cases, quotes language that comes from no real case, or [] contains arguments wholly unsupported by the record" because such misrepresentations violate Rule 11. *Id.* at *10 (explaining that "fail[ing] to make a reasonable inquiry into the supporting law or facts . . . wastes both the parties' and the Court's time attempting to locate nonexistent cases and unpack made up factual assertions"). In so finding, the court emphasized that "'[p]ro se* status does not shelter plaintiffs from sanctions pursuant to Rule 11." *Id.* at *9. Instead, any "self-represented party [that] files a document in federal court . . . [must] certify[] to the court that the legal contentions contained in it 'are warranted by existing law.'" *Id.*

Given the number of citations to fake cases and quotations in Kafeel's briefing on the current motion to dismiss and other court filings in this case, the court certainly shares Defendant's concerns about Kafeel's carelessness, which borders on willful abuse in making misrepresentations to the court. (See R. 59, Def.'s Mot. for Sanctions, Exs. 1, 2 (documenting numerous instances in which Kafeel cites to nonexistent cases and quotations as well as to citations that conflict with his claims)); *see also D'Ambrosio v. Meta Platforms Inc.,* ___F.4th___, 2026 WL 1361951, *8 (7th Cir. May 15, 2026) (holding that submission of a brief with nonexistent cases amounts to making a false statement to the court). Although the court could invoke Rule 11 or its inherent authority to sanction Kafeel for the alleged "hallucination" offenses, it need not do so here because dismissal with prejudice is already required for the

12

reasons set forth above. The motion for sanctions is therefore denied without prejudice as moot.

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss is granted and this case is dismissed with prejudice.

ENTER:

_____
**Young B. Kim**

13