**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SAQIB KAFEEL,** | ) | |
| | ) | **No. 24 CV 11929** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **CJDROPSHIPPING,** | ) | |
| | ) | **October 2, 2026** |
| **Defendant.** | ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Saqib Kafeel sued Defendant CJDropshipping for contributory trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), and breach of implied warranty, negligence, and indemnification under Illinois law. The court granted Defendant's motion to dismiss Kafeel's Second Amended Complaint ("SAC") under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). (R. 66, May 22, 2026 Mem. Op. and Order.) Thereafter, Kafeel appealed the dismissal to the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit"). (R. 70; R. 71.) Before the court is Kafeel's July 8, 2026 application for leave to proceed *in forma pauperis* ("IFP") in that appeal. (R. 72; R. 73.) For the following reasons, his application is denied:

**Background**

According to Kafeel's original complaint, Defendant is an international dropshipping platform that connects online retailers with platforms such as Amazon, eBay, and Shopify, fulfilling orders and handling payment and shipment on behalf of

those retailers. (R. 1, Compl. at 1.) In the same iteration of his complaint Kafeel alleged that he suffered "significant financial loss" because his accounts were frozen after he "unknowingly listed" infringing products on his online store "Whimsyverse." (Id. at 1-2.)

On December 13, 2024, the court dismissed Kafeel's complaint *sua sponte* for lack of subject matter jurisdiction. (R. 6; R. 7.) Five days later, in an apparent effort to cure the jurisdictional issues, Kafeel filed an "Amended Complaint Clarifying Diversity Jurisdiction" alleging he is a Pakistani citizen who seeks more than $10 million in damages from Defendant, a "U.S. company" with its "principal office" in Cranbury, New Jersey. (See generally R. 9, Am. Compl.) That same day Kafeel filed an IFP petition, which this court subsequently granted. (R. 8; R. 11.) But the court dismissed Kafeel's amended complaint without prejudice for lack of subject matter jurisdiction, finding "no cognizable federal question" and no diversity of citizenship. (See generally R. 49, Sept. 18, 2025 Mem. Op. and Order (noting a "question as to the identity of Defendant in this case" and its organizational structure and citizenship).)

Then, in a last-ditch effort to cure his jurisdictional issues, Kafeel timely filed the SAC, which included claims for contributory trademark infringement and false designation of origin under the Lanham Act. (R. 52, SAC ¶¶ 1, 5, 9-24, 26-28.) However, the court again granted Defendant's motion to dismiss, concluding that the allegations in the SAC "remain[ed] baseless and futile" because Kafeel failed to state a federal Lanham Act claim under Rule 12(b)(6) and did not sufficiently allege

diversity of citizenship. (R. 66, May 22, 2026 Mem. Op. and Order at 8 (internal citation and quotation omitted).) With respect to his Lanham Act allegations, the court found that Kafeel's contributory infringement claim failed to plead facts that Defendant "intentionally induce[d] another to infringe" a trademark or that Defendant continued to supply goods knowing or having reason to know that it was infringing trademarks, and his false designation of origin claim failed to plead facts showing a likelihood of confusion, mistake, or deceit regarding "the origin, sponsorship, or approval of his [] goods," or that he owns a protectable mark and Defendant used such a mark. (Id. at 6.) The court distinguished between jurisdiction and Kafeel's standing arguments based on *Lexmark International Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2024), (see R. 52, SAC ¶¶ 15-18; R. 54, Def.'s Mot. to Dismiss at 3-4), finding that even if his injury is "fairly traceable to defendant's conduct," his failure to plead facts sufficient to establish an element required for the claims warranted dismissal, (R. 66, May 22, 2026 Mem. Op. and Order at 7). The court separately dismissed the SAC under Rule 12(b)(1) for lack of personal jurisdiction. (Id. at 9-10.) The court denied as moot Defendant's motion for sanctions based on Kafeel's reliance on AI-hallucinated case citations and quotations in court filings, (R. 59, Def.'s Mot. for Sanctions), but noted that it "certainly share[d] Defendant's concerns about Kafeel's carelessness, which borders on willful abuse in making misrepresentations to the court," (R. 66, May 22, 2026 Mem. Op. and Order at 12).

Kafeel thereafter filed a motion to alter or amend this court's dismissal based upon proof of a completed purchase of Defendant's product in this District—made a week after the court dismissed the SAC with prejudice—which Kafeel argued established personal jurisdiction over Defendant. (R. 68, Pl.'s Mot.) The court denied the motion because Kafeel failed to explain why he could not have provided such evidence before he submitted his response to the motion to dismiss the SAC, and even if he had done so, the court still lacked subject matter jurisdiction to hear his case. (R. 69, June 8, 2026 Order.) Kafeel then filed a notice of appeal and simultaneously moved this court for leave to proceed IFP on appeal, filing the requisite IFP affidavit in support thereof. (R. 70-73.)

**Analysis**

Ordinarily, a federal litigant who cannot afford to pay court fees may proceed IFP, which means that he may commence a civil action or appeal a judgment without prepaying fees or paying certain expenses. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). A party seeking to proceed IFP on appeal must attach an affidavit establishing that the party: (1) cannot pay the filing fee; (2) "claims an entitlement to redress"; and (3) "states the issues [it] intends to present on appeal." Fed. R. App. P. 24(a)(1)(A)-(C). A party like Kafeel who "was permitted to proceed [IFP] in the district-court action . . . may proceed on appeal [IFP] without further authorization, unless . . . the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed [IFP] and states in writing its reasons for the

certification or finding." Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3). Good faith requires the party seeking to proceed IFP to demonstrate that "a reasonable person could suppose that the appeal has some merit," *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000), or when "objectively considered, raises non-frivolous colorable issues," *Larson v. Hoening*, No. 18 CV 2752, 2018 WL 9989441, at *1 (N.D. Ill. Oct. 26, 2018) (citing *Cruz v. Hauck*, 404 U.S. 59, 62 (1971) (Douglas, J. concurring)); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (explaining that a finding of no good faith is comparable to a finding that an appeal would be frivolous). "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 565 (7th Cir. 2011) (internal citation and quotation omitted).

## A. Good Faith

Kafeel's appeal is "not taken in good faith" because he does not address this court's dismissal of his Lanham Act claim or its lack of subject matter jurisdiction, and as such, his appeal will not revive the SAC, rendering it frivolous and without merit. *See* Fed. R. App. P. 24(a)(3)(A). Indeed, Kafeel argues in his appellate brief that: (i) the "administrative delay" in the court's SAC dismissal constitutes reversible error; (ii) Defendant's shipment to this District established personal jurisdiction; and (iii) Kafeel's commercial injury established standing for him to bring his Lanham Act claims. (See generally R. 70, Pl.'s App. Br.) But Kafeel again fails to show that he sufficiently pleaded the elements required for his Lanham Act claims in the SAC. He instead rehashes the standing arguments this court rejected when it dismissed the

SAC. (Compare R. 52, SAC ¶¶ 15-18 with R. 70, Pl.'s App. Br. at 33-35; see also R. 66, May 22, 2026 Mem. Op. and Order at 3-8). Thus, even if the Seventh Circuit were to agree with Kafeel's standing arguments, "he does not offer any grounds to challenge the reasons the [c]ourt provided for dismissing" his Lanham Act claims such that the court can "discern[ ] no non-frivolous colorable issues for appeal" as to those claims. *Little v. Johnson*, No. 18 CV 1111, 2018 WL 10086983, at *2 (N.D. Ill. Dec. 12, 2018) (certifying that an appeal was not in good faith because the plaintiff failed to challenge the district court's dismissal for failure to state a claim); *see also Hardin v. Baldwin*, No. 17 CV 50370, 2018 WL 11184651, at *3 (N.D. Ill. May 10, 2018) (same). Nor does Kafeel challenge this court's dismissal for failure to plead diversity of citizenship. (See R. 66, May 22, 2026 Mem. Op. and Order at 8-9.) Accordingly, Kafeel's appeal is not made in good faith because the "result is obvious," *Smeigh*, 643 F.3d at 565, that is, his appeal will not revive the SAC, and therefore it has no merit, *see, e.g.*, *Bey v. City of Chi.*, No. 19 CV 3377, 2020 WL 13598978, at *1 (N.D. Ill. April 22, 2020) (certifying that appeal was not in good faith because the plaintiff failed to demonstrate his "entitlement to redress" where he did not address the court's dismissal for failure to state a claim).

**B. Misrepresentation**

Kafeel's IFP petition is denied for the separate and additional reason that it is founded on misrepresentations to this court. *See Lofton v. SP Plus Corp.*, 578 Fed. Appx. 603, 604 (7th Cir. 2014) ("Proceeding [IFP] is a privilege, and courts depend on the plaintiff's honesty in assessing [his] ability to pay."). In his IFP affidavit, Kafeel

claims that he has not been able to generate an income stream since the June 2024 freezing of his Whimsyverse accounts despite "good-faith efforts to recreate alternative income streams." (R. 72, Pl.'s July 8, 2026 IFP Aff.) But his initial IFP affidavit stated that his storefront was not frozen and that he intended to re-start his online business. (R. 8, Pl.'s Dec. 18, 2024 IFP Aff. at 2.) Accordingly, the court concludes that Kafeel did generate—or at least could have generated—income in the intervening two years.

What is more, Kafeel's filings in another federal action demonstrate that when this court permitted him to proceed IFP because he had "no current income stream," (R. 8, Pl.'s Dec. 18, 2024 IFP Aff.), Kafeel operated an entirely separate online business selling e-books which he represented to have generated "successful[]" revenue, *Kafeel v. Apple Inc.*, No. 26 CV 330, Dkt. 1, Compl. at 1, 3-4 (N.D. Cal. Jan. 1, 2026) ("*Apple Action*") (seeking $15 million in damages for lost profits, consequential damages, and emotional distress); *id.*, Dkt. 20-1, Kafeel Decl. ¶ 5 (N.D. Cal. Feb. 6, 2026) (declaring that Apple terminated his accounts in July 2025, more than seven months after filing this complaint). Filings in this case and the *Apple Action* make clear that Kafeel is the same Plaintiff in both matters. For example, his IFP affidavits identify the same name, house address, email address, and phone number. (Compare R. 8, Pl.'s Dec. 18, 2024 IFP Aff. at 4 with *Apple Action*, Dkt. 2, Pl.'s Jan. 12, 2026 IFP Aff. at 7.) Kafeel appears to have omitted this income stream in disclosures to this court—both IFP affidavits he submitted here allege that his only income came from his dropshipping venture, (R. 8, Pl.'s Dec. 18, 2024 IFP

Aff.; R. 72, Pl.'s July 8, 2026 IFP Aff.), while his *Apple Action* IFP affidavit states that his income was "entirely dependent" on his e-book enterprise, *Apple Action,* Dkt. 2, Pl.'s Jan. 12, 2026 IFP Aff. at 5-6. Other discrepancies are also present. (Compare, e.g., R. 8, Pl.'s Dec. 18, 2024 IFP Aff. at 2 (declaring Kafeel "los[t] all [his] investments" due to a "major market downturn" on June 20, 2024) with *Apple Action,* Dkt. 2, Pl.'s Jan. 12, 2026 IFP Aff. at 6 (claiming that this "market downturn" occurred on August 15, 2025).)

As noted, this court has already admonished Kafeel for misrepresentations related to his use of AI-hallucinated case citations and quotations. (See R. 66, May 22, 2026 Mem. Op. and Order at 12); *see also D'Ambrosio v. Meta Platforms Inc.*, 176 F.4th 928, 941 (7th Cir. 2026) ("Citing nonexistent case law or misrepresenting the holdings of a case is making a false statement to a court." (internal citations and quotation omitted)). While Kafeel is not an attorney and is proceeding *pro se*, "no one needs to be warned not to lie to the judiciary." *Ayoubi v. Dart*, 640 Fed. Appx. 524, 529 (7th Cir. 2016). As such, Kafeel's apparent misrepresentations in his IFP affidavits provide separate and additional grounds for denying his IFP application. *See, e.g.*, *Slabon v. City of Chi.*, No. 17 CV 4197, Dkt. 20 (N.D. Ill. Jan. 22, 2018) (denying the plaintiff leave to appeal IFP after the court found that his submissions "indicate[d]" he "has some undisclosed source of income"); *Adkins v. Nestle Purina Petcare Co.*, No. 12 CV 2871, 2015 WL 14097243, at *1 (N.D. Ill. Nov. 13, 2015) (same).

Kafeel's conduct also bolsters the court's certification that his appeal was not made in good faith. That is, the court could have dismissed the SAC with prejudice as a sanction for his failure to honestly disclose his financial condition, 28 U.S.C. § 1915(e)(2)(A), which in turn would have "doomed" his appeal, *Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (finding that the appellant's asset concealment justified dismissal with prejudice even if the district court "might have granted the plaintiff's [IFP] petition [] if he'd disclosed" those assets); *see also Coleman v. Calumet City*, 754 Fed. Appx. 468, 469 (7th Cir. 2019) (affirming dismissal with prejudice after litigant misrepresented assets on IFP application); *Ayoubi*, 640 Fed. Appx. at 528-29 (approving dismissal as a sanction when a litigant has lied to receive the benefit of proceeding IFP, observing that fines would be an ineffective sanction against an indigent plaintiff).

Because the court certifies that Kafeel's appeal is not taken in good faith and he made intentional misrepresentations to the court in connection with his requests to proceed IFP, his application to proceed IFP on appeal is denied. Accordingly, Kafeel must pay the filing fee within 14 days or the Seventh Circuit may dismiss his appeal for want of prosecution. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). To the extent Kafeel wishes to contest this court's certification, he must file a motion with the Seventh Circuit seeking review of the same within 30 days of this order. *See* Fed. R. App. P. 24(a)(5).

## Conclusion

For the foregoing reasons, Kafeel's application for leave to proceed *in forma pauperis* on appeal is denied.

**ENTER:**

____________________________________

**Young B. Kim**